IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Q'NIKA UNION, SHARMARQUISE UNION,
and BRANDON UNION,

Plaintiffs,

v.

CITY OF GARDNER, KANSAS, OFFICER
CHRISTIAN KELLY, in his individual capacity,
OFFICER MARCUS GIMORE, in his individual
capacity, and SERGEANT VIRUETE, in his
individual capacity,

Defendants.

Case No. 25-cv-2724-HLT-JWB

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiffs, all proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983,

alleging City of Gardner, Kansas police officers committed a series of unlawful, targeted, and

retaliatory actions. Plaintiffs allege they were subjected to an unlawful traffic stop, fabricated

accusations, repeated wrongful arrests, the planting or misrepresentation of evidence, coercive

investigative tactics, and a traumatic FBI-assisted raid of their home. This matter is currently

before the Court on the Motion for Appointment of Counsel (Dkt. 31) filed by Plaintiff Q'Nika

Union.

Unlike a criminal defendant, a plaintiff in a *civil* case has no constitutional or statutory

right to appointed counsel.[1] For a party proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1)

provides discretionary authority for the court to "request an attorney to represent any person unable

---

[1] *See Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

to afford counsel." The provision, however, does not provide a statutory right to counsel. In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[2] Further, the party requesting the appointment of counsel must make diligent efforts to secure an attorney on his or her own.[3] This District's form motion for appointment of counsel in a civil case requires a movant to list at least five attorneys contacted before filing the motion.

The appointment of counsel for a plaintiff in a civil case is rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[4] Therefore, the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment) so the Court must make thoughtful and prudent use of its appointment power.

The Court has considered Ms. Union's motion for appointment of counsel under the above factors and concludes the factors do not warrant the appointment of counsel at this time. The Court has granted her motion to proceed without prepayment of fees (*in forma pauperis*) in this case.[5]

---

[2] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[3] *Cline v. Seal*, No. 22-cv-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[4] *See Castner*, 979 F.2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

[5] Order (Dkt. 12).

Plaintiff has also shown she made diligent efforts to secure an attorney on her own before filing this motion. Her motion indicates she contacted three attorneys and the Kansas Bar Association regarding legal representation and was unable to secure counsel. However, the remaining factors do not warrant the appointment of counsel at this time. A review of Ms. Union's filings to date shows she appears capable of adequately representing herself at this early stage of the proceedings, and the factual and legal issues do not appear overly complex. Plaintiff states she has no legal training and has done her best to file this case, survive a show cause order, and respond to a motion to dismiss—all without legal assistance. Plaintiff has not demonstrated any reason why she cannot continue to investigate the facts and present her claims to the Court herself in this case, particularly given the liberal standards governing *pro se* litigants.[6] "While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish [the pro se party requesting counsel] from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States on any given day."[7] Finally, the merits of some or all of Plaintiffs' claims will likely be decided when the district judge rules on Defendants' pending motion to dismiss (Dkt. 22). On balance, the relevant factors weigh against appointing counsel under Section 1915(e)(1) at this time.

---

[6] Mtn. for Appointment of Counsel, Dkt. 31, p. 3–4. The Court does remind Ms. Union that she may not prosecute this action on behalf of anyone other than herself. It is well-settled that an individual, who is not an attorney admitted to practice law, is not authorized to represent another person or entity. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.") (citing 28 U.S.C. § 1654).

[7] *Cahail v. United States*, No. 25-cv-1016-JWB-BGS, 2025 WL 2320810, at *2 (D. Kan. Aug. 12, 2025).

While "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[8]  The Court therefore denies Ms. Union's motion, but without prejudice to the refiling of the motion at a later stage of the proceedings, if warranted.

**IT IS THEREFORE ORDERED** that Plaintiff Q'Nika Union's Motion for Appointment of Counsel (Dkt. 31) is denied without prejudice.

A copy of this Order shall be mailed to Plaintiffs.

**IT IS SO ORDERED.**

Dated May 1, 2026, in Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge

---

[8] *Cline v. Russo*, No. 22-cv-4010-TC-TJJ, 2022 WL 873418, at *2 (D. Kan. Mar. 24, 2022) (quoting *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998)).