IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Q'NIKA UNION, SHARMARQUISE UNION, and BRANDON UNION, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF GARDNER, KANSAS, et al., <br><br> Defendants. | Case No. 25-cv-2724-HLT-JBW |

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR EXEMPTION FROM PACER FEES

Plaintiffs Q'Nika Union, Sharmarquise Union, and Brandon Union, proceeding *pro se* and *in forma pauperis*, bring this civil rights action under 42 U.S.C. § 1983, alleging City of Gardner, Kansas police officers committed a series of unlawful, targeted, and retaliatory actions. This matter is currently before the Court on Plaintiffs' Motion for Exemption from PACER Fees (Dkt. 39). Plaintiffs request the Court enter an order exempting them from paying PACER electronic access fees. Plaintiffs argue they have limited financial resources and cannot reasonably afford ongoing PACER charges while prosecuting this matter. Plaintiffs argue this case involves multiple parties, extensive motion practice, official records, exhibits, and anticipated discovery-related filings, and continued PACER fees would impose an undue burden on Plaintiffs' ability to meaningfully access the record in their own case. Plaintiffs further argue that granting the requested exemption would promote access to justice and allow Plaintiffs to fairly participate in this litigation without being hindered by the cost of accessing the electronic docket and filings.

The Electronic Public Access Fee Schedule ("Fee Schedule") sets out the fees for electronic access to any federal court case document, docket sheet, or case-specific report accessed via the

Public Access to Court Electronic Records ("PACER") service.[1] The Fee Schedule provides an automatic fee exemption for parties in a case (including pro se litigants) and attorneys of record. Parties receive "one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically[.]"[2] No fee is charged for access to judicial opinions or for viewing case information or documents at courthouse public access terminals. Beyond the one free electronic copy, parties are charged $.10 per page, not to exceed the fee for thirty pages.[3]

The Fee Schedule also permits courts to "exempt certain persons or classes of persons from payment of the user access fee."[4] It lists "indigents" as one example of individuals that a court may consider granting an exemption. In considering granting an exemption, courts must find that those seeking an exemption have "demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information."[5] A party's *in forma pauperis* status alone is not sufficient for a court to grant an exemption from paying PACER fees to access documents.[6]

---

[1]   *See* Electronic Public Access Fee Schedule, Effective January 1, 2020, https://www.uscourts.gov/court-programs/fees/electronic-public-access-fee-schedule.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Aaebo-Akhan v. Connell*, No. 25-2502-JWB, 2026 WL 113462, at *2 (D. Kan. Jan. 15, 2026), reconsideration denied, No. 25-2502-JWB, 2026 WL 228356 (D. Kan. Jan. 28, 2026).

Courts in this District routinely deny pro se litigants' requests for exemption from or waiver of PACER fees.[7] As these cases note, pro se parties receive documents filed in their case either by paper copies sent to them by U.S. mail or by registering to receive electronic notification of court filings by email. Moreover, pro se parties receive one "free" copy of each document filed in their case: they only incur a fee[8] to view and download the document if they fail to print or save the document after their first look if they receive electronic notifications of case filings.

The Court finds that at this time Plaintiffs have not demonstrated that an exemption is necessary to avoid unreasonable burdens or to promote public access to information. Shortly after the Complaint was filed, Plaintiff Q'Nika Union registered to receive court filings electronically and for e-filing permissions. By registering to receive electronic notifications of court filings, Plaintiff Q'Nika Union already receives one free look at each court filing that she can access via an email from the court containing a hyperlink to the document. While the free look period expires after "first use or 15 days, whichever is first,"[9] once the document is accessed via the hyperlink, it may be printed or electronically saved during the initial viewing period. Plaintiff Q'Nika Union

---

[7] *See Crump v. Johnson Cnty. Bd. of Comm'rs*, No. 5:24-CV-03046-JAR-RES, 2025 WL 2550216, at *1 (D. Kan. May 29, 2025) (denying without prejudice plaintiff's motion to waive PACER fees); *Crump v. (FNU) (LUN)*, No. 24-3063-JWL, 2025 WL 1489139, at *5 (D. Kan. May 23, 2025) (denying without prejudice pro se prisoner plaintiff's motion to waive PACER fees); *Jaax v. Jayhawk Marina, Inc.*, No. 08-2421-KHV, 2009 WL 1226742, at *1 (D. Kan. Apr. 30, 2009) (overruling the plaintiff's motion for exemption from fees for accessing PACER).

[8] Such fee is a nominal one of $0.10 per page (not to exceed the fee for thirty pages).

[9] *Frequently Asked Questions: How do I receive my "free copy" of a document?,* Pub. Access to Ct. Electronic Recs., https://pacer.uscourts.gov/help/faqs/files-pleading-court-automatically-serve-notification.

has not explained why she needs further exemption from PACER fees in addition to her current level of free access to court filings.

Plaintiffs Sharmarquise Union and Brandon Union have not registered to receive court filings electronically or for e-filing permissions. They currently receive paper copies of all court filings by U.S. mail. If they would like to receive electronic notification of documents filed in this case, they can register to receive electronic notifications of future court filings and obtain one free look of each court filing. They also can view, without charge, case information or documents at courthouse public access terminals. Thus, Plaintiffs Sharmarquise Union and Brandon Union have not demonstrated that a PACER exemption is necessary in order to avoid unreasonable burdens and to promote public access to information.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Exemption from PACER Fees (Dkt. 39) is **denied without prejudice**.

IT IS SO ORDERED.

Dated July 8, 2026, in Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge